UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANDRE HORSLEY,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | No. EDCV 09-896 FFM<br><br>MEMORANDUM DECISION AND ORDER |

      Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration denying his application for a period of disability, disability insurance benefits, and Supplemental Security Income benefits. On June 3, 2009 and June 5, 2009, plaintiff and defendant, respectively, consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the case management order entered on May 22, 2009, on December 21, 2009, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed by defendant on October 14, 2009, and the Joint Stipulation (the "JS"). For the reasons stated below, the decision of the Commissioner is reversed and remanded.

/ / /

/ / /

## PROCEDURAL HISTORY

On December 13, 2005, plaintiff applied for a period of disability, disability insurance benefits, and Supplemental Security Income benefits, alleging disability beginning on August 1, 2000. (AR 70-71.) Plaintiff's application was denied initially and upon reconsideration. (AR 74-78, 82-87.) Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (AR 90 .) ALJ Thomas J. Gaye held a hearing on December 1, 2008. (AR 37-69.) Plaintiff appeared with counsel and testified at the hearing. (*See id.*)

On February 2, 2009, the ALJ issued a decision denying benefits. (AR 8-15.) On March 2, 2009, plaintiff sought review of the decision before the Social Security Administration Appeals Council. (AR 91.) On April 8, 2009, the Appeals Council denied plaintiff's request for review. (AR 1-3.)

Plaintiff filed his complaint herein on May 21, 2009.

## CONTENTIONS

Plaintiff raises five issues in this action:

1. Whether the ALJ properly considered the treating physician's opinion;
2. Whether the ALJ properly considered the treating clinician's opinion;
3. Whether the ALJ properly considered the severity of plaintiff's mental impairment;
4. Whether the ALJ properly considered the lay witness testimony; and
5. Whether the ALJ posed a complete hypothetical to the vocational expert.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). However, even if substantial evidence exists in the record to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003).

**DISCUSSION**

1. <u>The treating physician's opinion</u>.

Between March 3, 2008 and December 3, 2008, plaintiff received mental health treatment at Phoenix Community Counseling, part of the San Bernardino County Department of Behavioral Health. (AR 384-95.) In an Adult Psychiatric Evaluation form dated March 3, 2008, Imelda Alfonso, M.D., a treating psychiatrist, reported that plaintiff complained of increases in his depression, anxiety, angry outbursts, and auditory hallucinations. (AR 388.) Dr. Alfonso noted that plaintiff's appearance was disheveled, his speech was rapid, and his mood and affect were depressed, angry, irritable, and constricted. (AR 389.) Dr. Alfonso diagnosed plaintiff with recurrent

1  and severe major depressive disorder with psychotic features.  (*Id.*)  She assigned
2  plaintiff a Global Assessment of Functioning score of 45.[1]  (*Id.*)
3      In his decision, the ALJ neither discussed nor mentioned Dr. Alfonso's report.
4  (*See* AR 8-15.)  Plaintiff contends that this constitutes reversible error.  (JS 3-4, 6.)
5  The Court agrees.  In evaluating physicians' opinions, the case law and regulations
6  distinguish among three types of physicians:  (1) those who treat the claimant (treating
7  physicians); (2) those who examine but do not treat the claimant (examining
8  physicians); and (3) those who neither treat nor examine the claimant (non-examining
9  physicians).  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other*
10 *grounds*, *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§
11 404.1502, 416.902, 404.1527(d), 416.927(d).  As a general rule, more weight should
12 be given to the opinion of a treating source than to the opinions of physicians who do
13 not treat the claimant.  *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also*
14 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).
15     An ALJ may reject a treating physician's uncontradicted opinion on a medical
16 impairment or the ultimate issue of disability only with "clear and convincing" reasons
17 supported by substantial evidence in the record.  *Reddick v. Chater*, 157 F.3d 715, 725
18 (9th Cir. 1998) (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993))
19 (internal quotation marks omitted).  If the treating physician's opinion on the issue of

---

[1] The Diagnostic and Statistical Manual of Mental Disorders organizes each psychiatric diagnosis into five levels relating to different aspects of the disorder or disability. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 27-33 (4th ed., text rev., 2000) (the "DSM-IV-TR"). Axis V is the Global Assessment of Functioning (the "GAF"), or, for persons under the age of 18, the Children's Global Assessment Scale. The GAF reports the clinician's judgment of the individual's overall functioning. *Id.* at 32-33. A GAF score of 41-50 indicates that the patient has "[s]erious symptoms (*e.g.*, suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (*e.g.*, no friends, unable to keep a job)." *Id.* at 34.

disability is controverted, the ALJ must still provide "specific and legitimate" reasons, supported by substantial evidence in the record, in order to reject the treating physician's opinion. *Lester*, 81 F.3d at 830; *Holohan v. Massanari*, 246 F.3d 1195, 1202-03 (9th Cir. 2001). "The ALJ could meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted).

Here, Dr. Alfonso's opinion was contradicted by, *inter alia*, the opinion of the examining psychiatrist, Linda M. Smith, M.D., who opined that plaintiff had no psychiatric impairment. (AR 360-61.) The ALJ concluded, on the basis of, *inter alia*, Dr. Smith's opinion that plaintiff had no severe psychiatric impairment. (AR 11.) The ALJ was required to give specific, legitimate reasons for implicitly rejecting Dr. Alfonso's opinion. His failure to do so constitutes reversible error. *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996) (ALJ effectively rejects treating physician's opinion where he ignores it and makes contrary findings, and the "failure to offer reasons for doing so [is] legal error").

Defendant contends that the ALJ "did not have an opportunity to review the records because [plaintiff's] counsel failed to submit them until well after the hearing . . . ." (JS 4.) Defendant contends that plaintiff's counsel submitted the evidence to the Appeals Council, which found that it did not constitute a basis for granting review. (JS 4 (citing AR 1-4).) The record does not support these assertions. Rather, it indicates that plaintiff's counsel submitted the Phoenix records, including Dr. Alfonso's opinion, on December 15, 2008, two weeks after the hearing and almost two months before the ALJ issued his decision. (*See* AR 383-95; *see also* AR 4.) Moreover, even if plaintiff's assertions were correct, the Court may consider evidence that was submitted to and considered by the Appeals Council, and is part of the administrative record, even if the ALJ did not have the benefit of the information during the initial application hearing. *Vasquez v. Astrue*, 572 F.3d 586, 595 n.7 (9th

Cir. 2009). The timing of plaintiff's submission of the records thus does not provide a ground for upholding the ALJ's decision.

Defendant also asserts that the record indicates that plaintiff only received mental health treatment for 10 months; this means, argues defendant, that plaintiff cannot meet the 12-month durational requirement for disabling impairments. (JS 5 (citing 42 U.S.C. § 423(d)(2)(A)).) Defendant further contends that plaintiff's GAF score is not indicative of a severe impairment and that the treatment records do not evidence any functional losses relating to his diagnosis. (JS 5-6.) However, the Court cannot affirm the Commissioner's decision on grounds upon which the ALJ did not rely in reaching his decision. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 n.2 (9th Cir. 2008); *see also Pinto v. Massanari*, 249 F.3d 840. 847 (9th Cir. 2001). Thus, defendant's arguments are unavailing.

For the foregoing reasons, remand on this issue is warranted for the ALJ to address Dr. Alfonso's opinion.

2.  The treating clinician's opinion.

In an Adult Clinical Assessment form dated February 29, 2008, Sarah Qualls, M.S.,[2] a clinician at Phoenix Community Counseling, diagnosed plaintiff with bipolar disorder and assigned him a GAF score of 48. (AR 391.) The ALJ did not discuss this assessment in his opinion. (*See* AR 8-15.) Plaintiff contends that this constitutes reversible error. (JS 6-7, 8.) The Court agrees.

An M.S. is not an "acceptable medical source" within the meaning of the Social Security regulations. 20 C.F.R. §§ 404.1513(a), 416.913(a) ("acceptable medical sources," whose evidence agency may use to establish impairment include, *inter alia*, licensed physicians and psychologists), 404.1513(d), 416.1513(d) ("other sources" include medical sources, such as physicians' assistants, not listed in subparagraph (a)).

---

[2] It is unclear from the record what Ms. Qualls's "M.S." designation stands for (*e.g.*, master of science or medical student). Both parties agree, however, that she is not an "acceptable medical source." (*See* JS 6-8.)

An ALJ "may also use" information in the record from such "other sources" "to show the severity" (but not the existence) of a claimant's medically determinable impairments and how those impairments affect the ability to work. 20 C.F.R. §§ 404.1513(d), 416.913(d). However, an ALJ is not required to give the opinion the same weight as he would the opinion from an acceptable medical source. *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (defining "medical opinions" as, in pertinent part, statements from "acceptable medical sources"), 404.1527(d), 416.927(d) (describing weight to give medical opinions); *see also Gomez v. Chater*, 74 F.3d 967, 970-971 (9th Cir. 1996) (holding that the regulations permit the Commissioner to give "less weight" to opinions from "other sources").

Notwithstanding the above, Social Security Ruling 06-03p states that the opinions of medical "other sources," such as physicians' assistants, may reflect the source's judgment about some of the same issues addressed in medical opinions from "acceptable medical sources" and may sometimes be entitled to greater weight than the opinion of an acceptable medical source. Social Security Ruling ("S.S.R.") 06-03p, 2006 WL 2329939 (S.S.A.) at *5. S.S.R. 06-03p indicates that the ALJ may assess the opinion of a medical "other source" using the same criteria used to weigh "acceptable medical source" opinions. *Id.* Noting that all relevant evidence in a case must be considered, the Ruling states, "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.* at *6.

Here, the ALJ did not explain the weight he gave to Qualls' opinion. Nor does his discussion of the evidence relating to plaintiff's claimed mental impairments allow the Court to follow his reasoning – if any – for implicitly rejecting Qualls' opinion. In addition to discussing the examining psychiatrist's opinion (*see* discussion, *supra*), the ALJ asserted that a treating physician, David H. Doty, M.D., had evaluated plaintiff

for mental health problems. As the ALJ asserted, Dr. Doty noted that plaintiff had previously undergone a psychiatric evaluation by Katalin Bassett, M.D.; Dr. Bassett found that plaintiff had no psychiatric injury or disability. (AR 11 (citing AR 221-22).) The ALJ further noted that Dr. Doty later diagnosed plaintiff with depression (AR 11 (citing AR 380).) The ALJ asserted, however, that there were "no mental health treatment notes in the record" and found that plaintiff did not have a severe mental impairment. (AR 11.) There were, in fact, mental health treatment notes in the record, including Qualls' opinion. (AR 384-95.) Moreover, those notes, and Qualls' opinion, were probative of plaintiff's claims and should have been addressed. Furthermore, as the ALJ relied in part on the supposed lack of mental health treatment notes in the record to find that plaintiff did not have a severe mental impairment, the Court cannot find that the error was harmless.

Defendant raises the same arguments on this issue as he brought to bear on Issue 1. (JS 7-8.) They are equally unavailing with respect to this issue. (*See* discussion, *supra*.) The Court thus finds that remand is warranted for the ALJ to consider Qualls' opinion in accordance with the principles set forth in 20 C.F.R. §§ 404.1513(d) and 416.913(d) and S.S.R. 06-03p.

3.  Plaintiff's mental impairment.

As discussed above, the ALJ found that plaintiff did not have a severe psychiatric impairment. (AR 11.) He based that conclusion on the examining psychiatrist's opinion and on Dr. Doty's notes. (*See* discussion, *supra*.) Plaintiff contends that, in light of Dr. Alfonso's and Qualls' opinions, he has presented a colorable claim of a mental impairment that has more than a minimal effect on his ability to do basic work activities. (JS 8-10, 11.) The Court finds that remand is warranted for the ALJ to reconsider the severity of plaintiff's claimed mental impairment.

/ / /

/ / /

A "severe" impairment, or combination of impairments, is defined as one that significantly limits physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities means "the abilities and aptitudes necessary to do most jobs." They include, *inter alia*, physical functions such as walking, standing, sitting, and lifting; and non-physical abilities such as the ability to understand and carry out simple instructions, to use judgment, and to respond appropriately to supervision. 20 C.F.R. §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6).

A determination that an impairment is not severe requires a "careful evaluation of the medical findings" which describe the impairment and an "informed judgment about its [] limiting effects on the individual's physical and mental ability[] to perform basic work activities . . . ." S.S.R. 85-28, 1985 WL 56856 at *4. In addition, in order to determine an alleged mental impairment's severity, Social Security adjudicators utilize the so-called "psychiatric review technique," assessing a claimant's mental restrictions in four broad functional areas. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). If a finding of non-severity is "not clearly established by medical evidence . . . adjudication must continue through the sequential evaluation process." S.S.R. 85-28, 1985 WL 56856 at *4; *see also Smolen*, 80 F.3d at 1290 (the severity concept is "a *de minimis* screening device to dispose of groundless claims").

The ALJ did not consider any medical findings in plaintiff's mental health treatment notes in general or in Dr. Alfonso's and Qualls' opinions in particular. Nor did he utilize the psychiatric review technique in assessing plaintiff's claimed mental impairment. (*See* AR 11.) Accordingly, the Court cannot conclude that he properly assessed the severity of plaintiff's claimed mental impairment.

Defendant contends that the ALJ properly relied on Dr. Bassett's and Dr. Smith's evaluations. (JS 10-11.) As discussed above, that argument is unavailing. Defendant also contends that an ALJ is not required to rely on GAF scores when assessing disability. (*Id.*) Although GAF scores do have somewhat limited probity in assessing mental impairments in the Social Security context (*see* 65 Fed. Reg. 50746,

50764-50765 (Aug. 21, 2000)), the Court finds that Dr. Alfonso's and Qualls' opinions, considered as a whole, constitute competent evidence that the ALJ should have addressed under the appropriate standards. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (ALJ may not ignore or misstate competent evidence in record in order to justify conclusion). Moreover, in any case, the Court cannot affirm the Commissioner's decision on grounds upon which the ALJ did not rely in reaching his decision. *Tommasetti*, 533 F.3d at 1039 n.2.

Accordingly, remand is warranted for the ALJ to reconsider the severity of plaintiff's mental impairment.

4. <u>The lay witness testimony</u>.

In a Function Report - Adult Third Party dated January 17, 2007, Julian Ellison, who identified himself as plaintiff's brother-in-law, reported that plaintiff's disabling impairments affected his ability to lift, squat, bend, stand, reach, walk, sit, kneel, and climb stairs. (AR 164, 169.) Ellison also reported that plaintiff used a cane, appeared to be in constant pain, and had severe postural limitations. (AR 169.) In his decision, the ALJ gave little weight to Ellison's statements, reasoning that plaintiff visited Ellison "about three times a month" and that Ellison's statements were inconsistent with plaintiff's activities. (AR 13.)

Plaintiff contends that the ALJ gave insufficient reasons for discounting Ellison's statements. (JS 11-13, 14.) The Court disagrees. The Social Security regulations provide that the ALJ "may . . . use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work." 20 C.F.R. §§ 404.1513(d), 416.913(d). In turn, the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993) (ALJ must consider lay testimony concerning a claimant's ability to work); *Stout v. Commissioner, Soc. Sec. Admin.*, 454

F.3d 1050, 1053 (9th Cir. 2006) (same). This applies equally to sworn hearing testimony of witnesses (*see Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)) as well as to unsworn statements and letters of friends and relatives (*see Schneider v. Commissioner of the Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000)).

As a general rule, if the ALJ chooses to reject such evidence from other sources, he may not do so without comment (*Nguyen*, 100 F.3d at 1467) and he must provide "reasons that are germane to each witness" (*Dodrill*, 12 F.3d at 919; *see also Smolen*, 80 F.3d at 1289 (dismissing witness testimony simply because witness is family member not sufficiently germane to witness)). Here, the ALJ provided reasons that were sufficiently germane to Ellison. Ellison reported that plaintiff visited his home one to three times per month and that during those visits, they watched sports on TV. (AR 164.) Although that fact could have been interpreted more favorably to plaintiff, it was not unreasonable for the ALJ to conclude that Ellison did not see plaintiff often enough to have a definitive view of how plaintiff's musculoskeletal impairments affected plaintiff's functioning. "When the evidence before the ALJ is subject to more than one rational interpretation, [the court] must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Moreover, as the ALJ noted (AR 13), Ellison himself reported that plaintiff could drive a car, shop for groceries, watch television, and prepare simple meals. (AR 164, 166, 168.) In addition, plaintiff reported to the examining psychiatrist that he could cook, take care of his personal hygiene, drive, watch TV, and play video games. (AR 358.) It was not unreasonable for the ALJ to conclude that these activities were inconsistent with Ellison's statements regarding the severity of plaintiff's impairments. *See, e.g., Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (daily activities inconsistent with disability claim).

Thus, remand on this issue is not warranted.

/ / /

/ / /

5.   <u>The hypothetical to the vocational expert</u>.

At the hearing, the ALJ posed the following question to the vocational expert:

> Q: I'll hypothecate a person of [plaintiff's] age, education, and past work experience at the moderate exertional level, occasional posturals but never climbing ropes, ladders, or scaffolding. Could such a person go back to any of [plaintiff's] past work?

(AR 66.) The vocational expert testified that such a person could perform plaintiff's past relevant work as a cabinet installer and warehouse receiver. (AR 66-68.) In his decision, the ALJ relied on the vocational expert's testimony in finding that plaintiff could perform those jobs and was therefore not disabled. (AR 14.)

Plaintiff contends that the ALJ's hypothetical to the vocational expert was incomplete because it failed to set out limitations resulting from plaintiff's mental impairments, and that the ALJ's conclusion that plaintiff was not disabled was not supported by substantial evidence. (JS 14-15, 16.) The Court agrees. The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value"). Conversely, the hypothetical need not include limitations which do not find support in the record. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 793 (9th Cir. 1997).

Here, the Court has found that the ALJ failed to properly weigh Dr. Alfonso's and Qualls' opinions and failed to properly consider the severity of plaintiff's claimed mental impairments. (*See* discussion, *supra*.) Accordingly, the Court cannot conclude that the ALJ gave sufficient consideration to the record with respect to limitations and

restrictions resulting from plaintiff's claimed mental impairment.  On remand, if the ALJ finds that the record supports plaintiff's claims of such limitations and restrictions, the ALJ must include them in a new hypothetical to the vocational expert.

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED: October 26, 2010

          /S/ FREDERICK F. MUMM
            FREDERICK F. MUMM
          United States Magistrate Judge